PER CURIAM.
Claude LaRoche (“LaRoche”) appeals a final judgment granting specific performance for the sale of his home to Francois Nehama (“Nehama”). We reverse.
Nehama and LaRoche entered into a lease and option to purchase agreement. Nehama agreed to rent LaRoche’s home for a term of two years, with a security deposit and the first month’s rent due at signing. LaRoche granted Nehama the option to purchase the house pursuant to a sales contract attached to the agreement. The agreement required Nehama to notify LaRoche in writing of his intent to exercise the option ninety days before the lease expired.
Before the lease term began, the parties amended their agreement. LaRoche would remain in the house, and Nehama would not have to pay rent. The parties then signed an addendum to the lease/option agreement memorializing their new agreement. Thereafter, the parties signed a “cancellation agreement.”
The parties disagree as to their intent in signing the addendum and the cancellation agreement. LaRoche understood the cancellation to encompass the complete transaction, including the option. Nehama, on the other hand, intended to cancel the lease and retrieve his security deposit. Nehama thought the option remained valid. Through counsel, LaRoche wrote Ne-hama confirming cancellation of their agreement. Nehama refused to accept the cancellation, exercised the option, and sought specific performance of the sales contract.
On appeal, LaRoche asserts that even if the option to purchase survived cancellation of the agreement, no consideration supported the option. Thus, without consideration, the option constituted a revocable offer which LaRoche withdrew prior to acceptance. Nehama contends that the trial court properly granted specific performance because the option to purchase survived cancellation of the lease portion of the parties’ agreement. We agree with LaRoche.
A binding option to purchase real estate requires valuable consideration to support it. Otherwise, it is considered a mere offer which may be withdrawn at any time before it is accepted. Donahue v. Davis, 68 So.2d 163, 170 (Fla.1953). Here, the option was initially supported by consideration because Nehama obligated himself to lease the property for two years. However, when the parties amended their agreement terminating Nehama’s obligation to pay rent, the option was no longer supported by valuable consideration. At this point, the option was merely a revocable offer which LaRoche withdrew by his attorney’s letter prior to Nehama’s acceptance.
Accordingly, we reverse the final judgment granting specific performance, and *1023 remand for proceedings consistent with this opinion.
Reversed and remanded.